IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELDON CHICK
     Petitioner,                    :            CIVIL ACTION
                                          :
                                          :
     v.                            :
                                          :
JAMES MCGRADY, et al.            :            NO. 11-7342
     Respondents.

ORDER

AND NOW, this 11th day of September 2012, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge ("R&R") (Doc. No. 8) and Petitioner's Objections to the Report and Recommendations (Doc. No. 12), it is hereby ORDERED as follows:

     1.     The Report and Recommendation is APPROVED AND ADOPTED;

     2.     The Petition for Writ of Habeas Corpus is DENIED and DISMISSED without an evidentiary hearing; and

     3.     A certificate of appealability is not granted.

In his pro se petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Eldon Chick ("petitioner") asserts that police officers violated his Fourth Amendment rights by searching his vehicle without a warrant and seizing a firearm from inside his vehicle. Magistrate Judge Strawbridge found that petitioner's Fourth Amendment claim was not cognizable, and recommended that his petition be denied. R&R at 1. Magistrate Judge Strawbridge's analysis of petitioner's Fourth Amendment claim is both legally correct and

1

supported by the factual record.  As such, the Court will approve of and adopt the R&R with the following discussion.

It is well established under <u>Stone v. Powell</u>, that absent the State's denial of an "opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial."  428 U.S. 465, 466 (1976).  An opportunity for full and fair litigation exists so long as there is no structural defect in the system that prevents the petitioner from being heard on the Fourth Amendment issue.  <u>Marshall v. Hendricks</u>, 307 F.3d 36, 82 (3d Cir. 2002).

Here, petitioner concedes that the "state court has provided a procedural mechanism for his 4th Amendment claim."  Pet's Obj. at 3.  Moreover, petitioner availed himself of these procedural mechanisms when he litigated the merits of his Fourth Amendment claim before the trial court and Pennsylvania Superior Court.  See N.T. 11/10/05 at 4; Trial Court Opinion filed 8/17/06 at 3-6; <u>Commonwealth v. Chick</u>, No. 795 EDA 2006, slip opin. at 2 (Pa. Super. Ct. June 25, 2007).

In his objection, petitioner nonetheless argues that he did not receive an opportunity for a full and fair litigation because the courts did not apply the controlling constitutional standards correctly to the facts of this case.  Pet's Obj. At 5-6.  A state court's erroneous or summary resolution of a claim does not equate to a denial of an opportunity for full and fair litigation of that claim.  <u>See, e.g., Marshall</u>, 307 at 82.  Magistrate Judge Strawbridge recognized that "[n]othing in the record suggests that the outcome of this challenge was incorrect, and even if it

were, an incorrect outcome standing alone does not allow us to review the merits of the claim."

R&R at 7.   Therefore, petitioner's Fourth Amendment claim is barred from federal collateral

review.[1]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] Magistrate Judge Strawbridge correctly determined that because petitioner failed to present a cognizable claim, there is no need to further consider whether petitioner satisfies the "in custody" requirement under 28 U.S.C. § 2254(a).